

# THE ATTORNEY GENERAL

# OF TEXAS

GERALD C. MANN
~~WILLIAM WILSON~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Judson Balch
County Attorney
Baylor County
Seymour, Texas

Dear Sir:

Opinion No. O-3865
Re: Does the Commissioners' Court
have the authority to order an
election in Baylor County to
vote bonds to acquire lands and
provide necessary improvements
for an aviation training school
and lease the same to a private
concern for operations?

Your telegram of August 8, 1941, requesting an opinion of this department upon the above stated question has been received.

Section 1 of Article 1269h, as amended by the 47th Legislature, 1941, reads as follows:

"Section 1. A - That the governing body of any incorporated city in this State may receive through gift or dedication, and is hereby empowered to acquire, by purchase without condemnation or by purchase through condemnation proceedings, and thereafter maintain and operate as an airport, or lease, or sell, to the Federal Government, tracts of land either within or without the corporate limits of such city and within the county in which such city is situated, and the Commissioners' Court of any county may likewise acquire, maintain and operate for like purpose tracts of land within the limits of the county.

"B - That the governing body of any incorporated city in this State may receive through gift or dedication, and is hereby empowered to acquire by purchase without condemnation, and thereafter maintain and operate as an airport, or lease, or sell to the Federal Government, tracts of land without the county in which such city is situated, provided said tracts are not within five (5) miles of another incorporated city that has a population of more than fifteen hundred (1500) people, according to the last preceding Federal Census.

"C - That the governing body of any incorporated city in this State may, and is hereby empowered, to acquire through condemnation proceedings, tracts of land located without the county in which said city is located, provided said tracts of land are within six (6) miles of the county boundary of the county in which said city is located, and are not within five (5) miles of another incorporated city having a population in excess of fifteen hundred (1500) people, according to the last preceding Federal Census; and that said city may thereafter maintain and operate as an airport, or lease, or sell, said tracts to the Federal Government; provided, however, that the grant herein made to acquire land through condemnation proceedings, without the county in which said city is located, shall expire on December 31, 1942, but that tracts of land acquired prior to that date, and under authority of this Act, may continue to be operated, leased, or sold, as provided in this Act.

"D - In addition to the power herein granted, the Commissioners' Courts of the several counties of this State are hereby authorized to lease any airport that may be acquired by the county, as herein provided to any incorporated city or municipality within such county, or to the Federal Government, for the purpose of maintaining and operating an airport; and provided further that any incorporated city having acquired land for an airport, or an airport, under the authority of this Act, shall have the right to lease said land or said airport to the county in which said incorporated city is located.

"E - In a addition to the power which it may now have, the governing body of an incorporated city shall have the power to sell, convey, or lease, all or any portions of any airports heretofore established or that may be hereafter established, or any land acquired under the provisions of this Act, to the United States of America for any purpose deemed by the Government of the United States necessary for National Defense, or for air mail purposes, or any other public purpose, or to the State of Texas, or any branch of the State Government, or to any other person, firm, or corporation, to carry out any purpose necessary or incidental to National Defense or training incidental thereto; and that such governing body shall provide rules and regulations for the proper use of any such airports in connection with the purposes stated herein."

Section 2 of Article 1269h, Vernon's Annotated Civil Statutes, provides:

"For the purpose of condemning or purchasing either
or both lands to be used and maintained as provided in
Section 1 hereof, and improving and equipping the same
for such use, the governing body of any city or the Com-
missioners' Court of any county, falling within the
terms of such Section, may issue negotiable bonds of the
city or of the county, as the case may be, and levy taxes
to provide for the interest and sinking funds of any such
bonds so issued, the authority hereby given for the is-
suance of such bonds and levy and collection of such taxes
to be exercised in accordance with the provisions of
Chapter 1 of Title 22 of the Revised Civil Statutes of 1925."

Section 4 of Article 1269h, supra, provides:

"Sec. 4.  That in addition to and exclusive of any
taxes which may be levied for the interest and sinking
fund of any bonds issued under the authority of this Act
(Art. 1269h) the governing body of any city or the Com-
missioners' Court of any county, falling within the terms
hereof, may and is hereby empowered to levy and collect
a special tax not to exceed for any one year five cents on
each One Hundred Dollars for the purpose of improving, oper-
ating, maintaining and conducting any Air Port which such
city or county may acquire under the provision of this Act
(Art. 1269h) and to provide all suitable structures, and
facilities therein.  Provided that nothing in this Act
(Art. 1269h) shall be construed as authorizing any city
or county to exceed the limits of indebtedness placed upon
it under the Constitution."

It will be noted that Section 2 of Article 1269h, supra,
specifically provides for condemning or purchasing either or both,
lands to be used and maintained as provided in Section 1 of the above
mentioned statute and in improving and equipping the same for such use,
and that the Commissioners' Court is authorized to issue negotiable
bonds of the county and levy taxes to provide for the interest and
sinking funds of any such bonds so issued, such authority to be exer-
cised in accordance with the provisions of Chapter 1, Title 22 of the
Revised Civil Statutes of 1925.  We think that this provision of the
statute authorizes the county to issue negotiable bonds and to levy
and collect taxes to provide for the interest and sinking funds of
any such bonds so issued for the purpose of securing land and improving
the same and providing equipment to be used for the purpose of an air-
port, as provided in Section 1 of said statute as quoted above.  It is
well established that statutory authorization is essential to the
issuance of obligations by a county in the form or nature of bonds;
and where power to issue bonds has been conferred it must be exercised
in the manner prescribed by law.

Paragraph D of Section 1 authorizes the Commissioners' Court to lease any airport that may be acquired by the county as provided by statute, to any incorporated city or municipality within said county, or to the Federal Government, for the purpose of maintaining and operating an airport. This section of the statute also further provides that any incorporated city having acquired land for an airport, or an airport, under the authority of the Act, shall have the right to lease said land or said airport to the county in which said incorporated city is located.

It is well established in this State that the Commissioners' Courts have limited jurisdiction in that their authority extends only to matters pertaining to the general welfare of their respective counties, and that their powers are only those expressly or impliedly conferred upon them by law, that is, by the Constitution and statutes of the State. It is our opinion that the Commissioners' Court has no authority to lease an airport to any party except those set out in paragraph D of Section 1, Article 1269h. Therefore, in view of the foregoing statutes the above stated question is respectfully answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:GO:wc

APPROVED AUG. 15, 1941
s/Robert E. Kepke
ATTORNEY GENERAL OF TEXAS     (acting)

Approved Opinion Committee By CCC Chairman